Randy Ludacer Monroe County Attorney
QUESTION:
1. May the county commission approve the expenditure of tourist development tax revenue for a use other than those recommended by the tourist development council?
2. May the county commission approve the expenditure of tourist development tax revenue for a use which was opposed by the tourist development council?
SUMMARY:
A county governing body, after approving the tourist development plan, may amend the plan by a super majority of its members in order to expend tourist development funds for a use which, while authorized by s. 125.0104, F.S., may be opposed or not recommended by the tourist development council. The tourist development council, however, is authorized to review such expenditures and report any which it considers are unauthorized to the governing body of the county and the Department of Revenue.
You state that the uses for which the county governing body wishes to expend tourist development tax revenues would be authorized pursuant to s. 125.0104(5), F.S.[1] Since your questions are interrelated, they will be answered together.
Section 125.0104, F.S., the Local Option Tourist Development Act, authorizes any county in this state to impose a tax on short-term rentals of living quarters and accommodations within the county, unless such activities are exempt under Ch. 212, F.S.[2]
The tourist development tax may only be levied and imposed pursuant to an ordinance containing a tourist development plan prescribed in F.S. At least sixty days prior to the enactment of the ordinance, however, the governing board of the county must adopt a resolution establishing and appointing the members of a county tourist development council and indicating the intention of the county to consider the enactment of an ordinance levying and imposing the tourist development tax.[3]
The governing board of the county is required, by ordinance, to establish the tourist development council, composed of nine members who are electors of the county.[4] Section125.0104(4)(c), F.S., provides:
 Prior to enactment of the ordinance levying and imposing the tax, the county tourist development council shall prepare and submit to the governing board of the county for its approval a plan for tourist development. The plan shall set forth the anticipated net tourist development tax revenue to be derived by the county for the 24 months following the levy of the tax; the tax district in which the tourist development tax is proposed; and a list, in the order of priority, of the proposed uses of the tax revenue by specific project or special use as the same are authorized under subsection (5). The plan shall include the approximate cost or expense allocation for each specific project or special use. (e.s.)
Thus, the tourist development council is statutorily charged with preparing the tourist development plan which includes a list of the uses of the tax. While the governing body of the county must approve the plan, there is no statutory method prescribed for the governing body to alter the plan prior to its enactment. The governing body is required to adopt the tourist development plan as a part of the ordinance levying the tourist development tax.[5]
Once the ordinance is enacted, the plan for tourist development may not be substantially amended except by ordinance enacted by a majority vote, plus one additional member of the governing body of the county.[6]
The tourist development council is required to meet at least once each quarter of the year and
from time to time, shall make recommendations to the county governing board for the effective operation of the special projects or for uses of the tourist development tax revenue and perform such other duties as may be prescribed by county ordinance or resolution. The council shall continuously review expenditures of revenues from the tourist development trust fund and shall receive, at least quarterly, expenditure reports from the county governing board or its designee. Expenditures which the council believes to be unauthorized shall be reported to the county governing board and the Department of Revenue.
Reading s. 125.0104, F.S., as a whole, it is evident that the tourist development plan dictates which projects will be funded by tourist development tax revenues. The tourist development council prepares the plan and makes recommendations to the governing body of the county for uses of the tourist development tax revenues. The council also serves as the watchdog to ensure that the tax revenues are expended only for authorized purposes. Ultimately, however, it is the governing body of the county and the Department of Revenue which reviews any findings of the council, before taking the appropriate judicial or administrative action to ensure compliance with s. 125.0104, F.S.
While the governing body of the county must initially approve the plan, there is no statutory authority for the county to alter it before approval and enactment. Once the plan is adopted through the enactment of the ordinance levying the tourist development tax, however, substantial changes may be effected by a vote of the majority plus one additional member of the governing board.
The ability of the governing body to effect changes in the tourist development plan has been acknowledged by The Supreme Court of Florida in Rowe v. Pinellas Sports Authority.[7] In that case, the governing body of the county amended the tourist development plan by ordinance without a referendum. It was argued that the governing body's action was invalid because it had not been submitted to the voters in a referendum as was the initial ordinance containing the tourist development plan. The Court concluded that there is no requirement in the Tourist Development Act that a referendum be held to ratify an amendment, but rather the statutory requirement for amendment is contained in s.125.0104(4)(d), F.S.[8]
Thus, the statute provides a mechanism whereby the governing body of the county may alter the tourist development plan, regardless of whether the tourist development council has recommended a use for the funds or opposed the expenditure of funds for a particular purpose. Where the Legislature has provided a method by which something is to be done, it is, in effect, a prohibition against its being done in any other way.[9]
I am of the opinion, therefore, that the county governing body, after approving the tourist development plan, has the authority to amend the plan by a super majority of its members in order to expend tourist development funds for a use which is authorized under s. 125.0104(5), F.S., but which may be opposed or not recommended by the tourist development council. The tourist development council, however, is authorized to review such expenditures and report any which it considers are unauthorized to the governing body of the county and the Department of Revenue.
[1] Section 125.0104(5), F.s., sets forth the only authorized uses of tourist development tax revenues.
[2] See, s. 125.0104(3)(a), F.S., stating it is the intent of the Legislature that "every person who rents, leases, or lets for consideration any living quarters or accommodations in any hotel, apartment hotel, resort motel, apartment, apartment motel, roominghouse, mobile home park, recreational vehicle park, or condominium for a term of 6 months or less is exercising a privilege which is subject to taxation under this section. . . ."
[3] Section 1235.0104(4)(b), F.S.
[4] The nine members include: the chairman of the governing body or any other member; two elected municipal officers (one from the most populous municipality in the county or subdistrict); three owners or operators of motels, hotels, in the county subject to the tax; and three persons who are involved in the tourist industry with an interest in tourist development, but who are not owners or operators of motels, hotels, recreational vehicle parks, or other tourist accommodations.
[5] Section 125.0104(4)(d), F.S.
[6] Id.
[7] 461 So.2d 72 (Fla. 1984).
[8] 461 So.2d at 77.
[9] See,, Alsop v. Peirce, 19 So.2d 799, 805 (Fla. 1944) (legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way).